UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT BARRICK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:14-cv-1137-JMS-DML |
| | ) |
| CITY OF INDIANAPOLIS, et al, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Post-Judgment Motions**

For the reasons explained in this Entry, the various post-judgment motions of plaintiff Robert Barrick will be **denied**.

**Background**

This action was closed through the entry of final judgment on December 19, 2014. The dismissal was with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The basis of the dismissal was this:

> A finding of frivolousness is appropriate where the factual allegations are irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). That is the situation he-re. Although Mr. Barrick undoubtedly believes that there is a secret grand conspiracy to watch his every move through the use of advanced technology there are no facts upon which this conclusion could plausibly be reached.

A federal court is required to dismiss a complaint that is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S .C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis in either law or in fact," *Neitzke v. Williams,* 490 U.S. 319, 328 (1989), and "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 33.

A post-judgment motion for the preservation of evidence was denied. The plaintiff then filed a timely notice of appeal, which was docketed as No. 15-1146. The appeal was dismissed on February 11, 2015 pursuant to Rule 42(b) of the *Federal Rules of Appellate Procedure.*

## Pending Motions

The following medley of post-judgment motions are pending and are addressed in this Entry:

| Docket Item # | Name | Date Filed |
|---|---|---|
| 39 | Motion to alter final judgment or, in the alternative, motion for relief from judgment | May 26, 2015 |
| 45 | Motion for temporary restraining order | June 15, 2015 |
| 47 | Motion *in limine* | June 15, 2015 |
| 50 | Motion for ruling on motion *in limine* | July 6, 2015 |

Each of the motions noted above was filed by the plaintiff, Robert Barrick. As used in this Entry, the term "primary post-judgment motion" refers to the "motion to alter final judgment or, in the alternative, motion for relief from judgment" filed on May 26, 2015.

## Discussion

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994).

Ordinarily, "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing

or label affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006)).

The plaintiff has hedged as to the true nature of the primary post-judgment motion, designating it as filed pursuant to either Rule 59(e) or Rule 60(b). But the timing he selected for filing the motion relative to the entry of final judgment dictates how it must be treated. The primary post-judgment motion was filed more than 28 days after the entry of final judgment, and likewise more than 28 days after the dismissal of the appeal in No. 15-1146. The deadline for filing a Rule 59(e) motion cannot be extended, *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994); *Western Industries, Inc. v. Newcor Canada Ltd.,* 709 F.2d 16, 17 (7th Cir. 1983), and a late-filed Rule 59(e) motion "automatically becomes a Rule 60(b) motion." *Hope,* 43 F.3d at 1143.

The plaintiff's suggestion that his motion for the preservation of evidence filed on December 22, 2014 could now be re-interpreted as a motion to alter or amend judgment is rejected because it was not submitted as such a motion, nor even with an awareness that final judgment had been entered. That motion, moreover, did not supply a basis on which to grant relief because through such motion the plaintiff did not "'clearly establish either a manifest error of law or fact' or 'present newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

"Rule 60 . . . attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Charles Alan Wright and Andrew D. Liepold, **Federal Practice and Procedure** § 2851 (4th ed. 2008). Relief, however, is only available under "exceptional circumstances." *Helm v. Resolution Trust Corp.,* 84 F.3d 874, 877 (7th Cir. 1996) (citation omitted).

"A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

The plaintiff seeks relief at this point based in part on his disagreement with the court's analysis of his claims. Rule 60(b) does not provide an avenue for relief in these circumstances. See *Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). The appropriate means by which to assert alleged legal errors is by a timely appeal. *See McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."). The primary post-judgment motion therefore presents an argument--a generalized request to reconsider based on the equally generalized assertion that the court committed legal error in its disposition of the case--which is not within the scope of Rule 60(b). The plaintiff first filed an appeal, and then abandoned the appeal for reasons he found sufficient.

Another theme of the primary post-judgment motion is the plaintiff's contention that the mistreatment he alleged in the amended complaint has continued and in fact has intensified. "The Supreme Court's decisions in '*Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim.'" *Reserve Hotels PTY Ltd. v. Mavrakis*, No. 14-2990, 2015 WL 3852645, at *2 (7th Cir. June 23, 2015)(quoting *Bank of America, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013), and citing *Ashcroft v. Iqbal,* 556 U.S. 662(2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The fantastic nature of the plaintiff's allegations—pertaining to

his asserted mistreatment both before and after the entry of final judgment—deprive his claims of plausibility. *See Holland v. Lake Cnty. Mun. Gov't*, No. 14-2017, 2015 WL 3953422, at *1 (7th Cir. June 30, 2015).

As a final matter, the Court recognizes that plaintiff's status as a *pro se* litigant entitles him to some leeway, but this leeway is not without its limits. "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram,* 498 U.S. 177, 179–80 (1991). "Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit. . . . ." *U.S. ex rel. Verdon v. Circuit Court for Taylor County,* 73 F.3d 669, 671 (7th Cir. 1995). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad,* 2006 WL 1133220, at *1 n.2 (S.D.Ohio April 27, 2006) (quotation omitted). As has been shown, the plaintiff's *pro se* status does not exempt him from the requirement that he submit a complaint setting forth a plausible claim and that status likewise does not permit the Court to "invent factual allegations" the plaintiff has not pled. *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010); *see also County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006)(a court "will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact").

## Conclusion

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The primary post-judgment motion does not show either of these circumstances. A plausible claim was

not presented initially and an adequate substitute has not been offered. The primary post-judgment motion [dkt 39], treated as a motion for relief from judgment for the reasons which have been explained, is therefore **denied.** The motion for a ruling [dkt 50] is **granted** insofar as consistent with this Entry. The other ancillary motions [dkt 45 and 47] are **denied as moot.**

    IT IS SO ORDERED.

Date: _____07/21/2015_____

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT BARRICK
P.O. Box 384
Indianapolis, IN 46206